[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 5, 2007
THOMAS K. KAHN
CLERK

No. 06-13430

D. C. Docket No. 05-20483 CR-RWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO VIERA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(September 5, 2007)**

Before DUBINA and MARCUS, Circuit Judges, and PROCTOR,* District Judge.

PER CURIAM:

---
*Honorable R. David Proctor, United States District Judge for the Northern District of Alabama, sitting by designation.

Appellant Roberto Viera ("Viera") appeals his convictions and sentences for drug-related crimes.

The following issues are presented for appellate review:

(1) Whether the district court abused its discretion when it refused to strike the entire jury venire after a member of the venire, who was at the time a United States probation officer, stated during voir dire that she was unsure but thought that she may have seen Viera in the probation office or, alternatively, whether the district court plainly erred by failing to further question potential jurors to determine whether the probation officer's statement caused bias among the venire;

(2) Whether the district court abused its discretion when it failed to grant a mistrial *sua sponte* when the prosecution introduced undisclosed evidence that arguably constituted a jailhouse confession or, if a motion was required, whether the admission of the evidence was plain error;

(3) Whether the district court abused its discretion when it allowed testimony from a government agent that referenced "the history of Miami drug wars, contract murders, hits," etc. [Appellant's Br. at 32];

(4) Whether the district court plainly erred by allowing the prosecutor to refer to Viera as a "liar" in closing arguments;

(5)  Whether the district court abused its discretion or, in at least one instance, plainly erred by allowing the introduction of alleged undisclosed expert testimony;

(6)  Whether the district court abused its discretion by allowing the introduction of evidence regarding Viera's past crimes pursuant to Rule 404(b) of the Federal Rules of Evidence;

(7)  Whether the district court's cumulative errors require a new trial;

(8)  Whether the district court clearly erred when it increased Viera's base offense level by three points pursuant to U.S.S.G. § 3B1.1 for performing a supervisory role in a criminal activity that involved five or more participants or was otherwise extensive;

(9)  Whether the district court clearly erred when calculating, for sentencing purposes, the amount of cocaine Viera was responsible for importing; and

(10)  Whether the district court violated Viera's constitutional rights when it based its sentencing decision in part on acquitted conduct.

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that there is no merit to any of the arguments Viera makes in this appeal concerning his convictions.  Accordingly, we affirm his conviction, but we vacate his sentence on Count 1 of the indictment

3

and remand this case for an administrative correction of the sentence imposed on

Count 1.[1]

**AFFIRMED in part, VACATED in part and REMANDED.**

---

[1]When the statutory maximum sentence is less than the minimum applicable guideline range, the statutory maximum shall be the guideline sentence. The guideline sentence and maximum sentence as to Count 1 is 240 months, rather than the 262 to 327 months guideline range stated in the government's brief. Thus, the 262-month sentence the defendant received as to Count 1 exceeds the statutory maximum.